IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN DE LA CRUZ,

    Petitioner,

vs.                                        Cause No.  1:10-cv-213 LH/DJS

RAY TERRY, Warden, Otero County
Processing Center,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 5], entered March 12, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends that the *United States' Motion to Dismiss Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* [Doc. 7], filed April 2, 2010, be denied.

**I.**    **BACKGROUND**

Mr. De La Cruz, who is proceeding *pro se* and *in forma pauperis*, filed a *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 1] on March 4, 2010.  The Petition alleges he is a native and citizen of the Dominican Republic and that he is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE").  [Doc. 1, ¶¶ 1, 6.]  According to the Petition, he has been in ICE custody continuously since April 15, 2009.  [Id., ¶ 6.]  The Petition further alleges that

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

an Immigration Judge ordered Mr. De La Cruz removed on November 24, 2009, that he appealed the order, that the appeal is still pending, and that a final order of removal has not been issued. [Id., ¶¶ 11, 16, 20, 27.]

## II.  DISCUSSION

Respondent has moved to dismiss on the grounds that the Court lacks jurisdiction because the Petition is not ripe. [Doc. 7.] According to Respondent, the case is not ripe because Mr. De La Cruz does not have a final order or removal and the "six month reasonable period of removal has not started to run." [Id. at 1.] Mr. De La Cruz has not responded to the motion.

The Court does not agree that it lacks jurisdiction over this matter. To the contrary, the Court has jurisdiction to consider habeas challenges to detention by alien detainees, such as Mr. De La Cruz, who do not yet have a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708 (2003) (finding jurisdiction and then proceeding to consider the merits of habeas claim of alien who was detained during removal proceedings).

Respondent relies on *Zadvydas v. INS*, 533 U.S. 678, 121 S.Ct. 2491 (2001) to support his proposition that the claim is not ripe. However, in *Demore*, the Supreme Court distinguished *Zadvydas* on the very grounds that apply here: that the aliens challenging their detention in *Zadvydas* had final orders of removal, while the aliens in *Demore* challenged detention "*pending their removal proceedings.*" *Demore*, 538 U.S. at 527–28, 123 S.Ct. at 1720 (emphasis in original).

The Court also is unpersuaded by Respondent's reliance on *Zadvydas* for the proposition that that Petitioner has "no right to complain" because the "six month reasonable period has not started to run." *Zadvydas* was concerned with challenges to post-removal-period detention by aliens who were subject to a final order of removal; it established a presumptively reasonable period of six months during which the Government could reasonably detain an alien while it attempts to effect removal.

*Zadvydas*, 533 U.S. at 701, 1221 S.Ct. at 2504.  After the six month period, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence to rebut that showing.  *Zadvydas*, 533 U.S. at 701, 1221 S.Ct. at 2505.  It does not follow from *Zadvydas*' holding regarding post-removal detention that the Government may indefinitely detain an alien *prior* to a final order of removal, which is what Respondent appears to argue.

Mr. De La Cruz, according to the pleadings, is not a post-removal-period alien like the ones in *Zadvydas*.  He does not have a final order of removal, and there is no indication from the record when such an order is forthcoming, if at all.  Accordingly, *Zadvydas* does not govern the question of ripeness, and the Court concludes the case is ripe for review.

### III.  RECOMMENDATION

The Court recommends that the *United States' Motion to Dismiss Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* [Doc. 7], filed April 2, 2010, be denied.

_____
**DON J. SVET**
**United States Magistrate Judge**