IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MELVIN DE LA CRUZ,**

    **Petitioner,**

**vs.**                                               **Cause No.  1:10-cv-213 LH/DJS**

**RAY TERRY, Warden, Otero County
Processing Center,**

    **Respondent.**

**AMENDED MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 5], entered March 12, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  The *Magistrate Judge's Proposed Findings and Recommended Disposition* [Doc. 8], filed August 4, 2010, is withdrawn.  For the reasons stated below, the Court recommends that Respondent's *Motion to Dismiss Petition with Prejudice* [Doc. 9], filed August 11, 2010, be granted.

**I.**    **BACKGROUND**

Mr. De La Cruz, who is proceeding *pro se* and *in forma pauperis*, filed a *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 1] on March 4, 2010.  The Petition alleged he is a native and citizen of the Dominican Republic and that he was in the custody of U.S. Immigration and Customs Enforcement ("ICE").  [Doc. 1, ¶¶ 1, 6.]  According to the Petition, he had been in ICE custody continuously since April 15, 2009.  [Id., ¶ 6.]  The Petition further alleged that an Immigration

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Judge ordered Mr. De La Cruz removed on November 24, 2009, that he appealed the order, that the appeal was still pending, and that a final order of removal has not been issued. [Id., ¶¶ 11, 16, 20, 27.] Respondent filed a motion to dismiss the petition on the grounds that the Court lacked jurisdiction because the Petition was not ripe. [Doc. 7.]

Following this Court's recommendation that the motion to dismiss be denied [Doc. 8], Respondent filed a second motion to dismiss [Doc. 9]. According to the second motion and the exhibits attached thereto, Mr. De La Cruz was removed from the United States on May 5, 2010. [Doc. 9-1.] Respondent accordingly requests the Petition be dismissed as moot.

## II.   DISCUSSION

Article III's case-or-controversy requirement is not satisfied unless the litigant has suffered favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). The requirement subsists throughout the litigation, and the court is divested of jurisdiction if at any point the parties no longer have a personal stake in the outcome. *Lewis*, 494 U.S. at 478 (citations and quotation marks omitted).

The Court concludes that the Petition, which seeks release from detention, has been rendered moot by Mr. De La Cruz's removal from the United States. Because of his release from detention and removal, the Court is no longer able to grant relief. Accordingly, the Petition should be dismissed.

## III.   RECOMMENDATION

The Court recommends that the *Motion to Dismiss Petition with Prejudice* [Doc. 9], filed August 11, 2010, be granted.

**DON J. SVET**
**United States Magistrate Judge**